## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RE: | ) | |
| | ) | **CHAPTER 7** |
| Sima Schwartz a/k/a | ) | **CASE NO. 06-42476** |
| Sima M. Shwartz | ) | |
| **Debtor** | ) | |
| | ) | |

### RESPONSE OF DEUTSCHE
### TO DEBTOR'S OBJECTION TO DEUTSCHE'S MOTION FOR RELIEF FROM STAY

Now Deutsche Bank National Trust Company, as Trustee, assignee and successor in interest to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC ("Deutsche") and responds to the Debtor's Objection to Deutsche's Motion for Relief from Stay by stating as follows:

1) The Debtor fails to state a legal basis for denying the Motion for Relief from Stay.

2) This Court does not have jurisdiction over the issues raised.

3) The Foreclosure was completed on May 24, 2006 with the signing of the Memorandum of Sale at 3:10 p.m. and thus, the property is no longer part of the bankruptcy estate. *See* Exhibit A (a true and correct copy of the Memorandum of Sale is attached hereto.)

4) The foreclosure complied with State and Federal Law.

5) Although, this Court does not have jurisdiction over the aspects of the foreclosure, HomEq represents that the foreclosure was done correctly pursuant to Federal and State law.

6) On or about July 22, 2005, Sima Shwartz, executed and delivered a note in the amount of two hundred seventy two thousand & 00/100 ($272,000.00) dollars to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC.

7) The mortgage was then assigned to Deutsche Bank National Trust Company, as Trustee on June 7, 2006 and recorded with the Worcester County Registry of Deeds at Book 39131, Page 222. *See* Exhibit A (a true and correct copy of the recorded assignment is attached hereto.)

8) Number One (1) of the Debtor's Objection is Admitted. HomEq, as servicing agent for Detusche, filed a Motion for Relief from Stay and the Court Denied the motion based on that there was "no evidence that moving party is proper moving party."

9) Therefore, Deutsche filed a Motion for Relief from Stay as the holder of the mortgage.

10) Number Two (2) of the Debtor's Objection is Admitted in part and Denied in part.

11) Admitted that the same firm, Doonan, Graves and Longoria, LLC filed a Motion for Relief from Stay on behalf of HomEq and then filed a Motion for Relief from Stay on behalf of Deutsche.

12) Denied that the only difference is the "proposed Order." The complete Motion was filed under Deutsche because Deutsche is the correct moving party as Deutsche is the holder of the mortgage. In fact, Deutsche is the current owner of the property, as a matter of law with the recording of the foreclosure deed.

13) Number Three (3) of the Debtor's Objection states to "consider all my Objection to the 1st Motion with a documents attached there, and a 1/04/2006 Hearing itself, in a current Motion."

14) In the Debtor's first objection, she fails to state a legal basis for denying the Motion for Relief from Stay.

15) Number Four (4) of the Debtor's Objection is Denied.

16) The last appearance was a hearing on a Motion for Relief from Stay; it was not a trial; there was no testimony taken; the validity of the foreclosure at issue.

17) Number Five (5) of the Debtor's Objection does not state require a response. However, it is to the best of knowledge of the undersigned that all documents were served via regular and certified mail to the Debtor.

18) However, out of an abundance of caution to be absolutely certain the debtor has notice, the undersigned has filed a Motion to Continue the hearing scheduled on February 1, 2007, on the Motion for Relief from Stay in order to re-serve all documents via Next Day Air, Certified and regular mail and file a new certificate of service to ensure that the Debtor received all documents pertaining to the Motion for Relief from Stay.

19) This will ensure that the Debtor is provided with the opportunity to have received and reviewed all documents, prepare for and attend the hearing and obtain counsel if the Debtor so chooses.

20) In further support of the undersigned's Motion, there is no Equity. The Debtor's Amended Schedules value the property at $390,000.00, with a liquidation value of $364,321.60, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,778.40); and the anticipated costs incurred from a real estate closing ($500.00). *See* Exhibit B (a true and correct copy of the Debtor's Amended Schedule D is attached hereto.)

21) According to a report on Zillow.com, the estimated property value is $223,805.00, with a liquidation value of $208,856.15, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,020.55); and the anticipated costs incurred from a real estate closing ($500.00). *See* Exhibit C (a true and correct copy of the report from Zillow.com is attached hereto.)

22) The approximate total amount of liens on the property, according to Debtor's schedule D is $390,000.00; therefore there is no equity.

WHERFORE, Deutsche requests that the Motion for Relief from Stay be granted and for all
other relief as is just and equitable.

Counsel for Deutsche,

Dated: January 24, 2007

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.
Doonan, Graves, and Longoria
100 Cummings Center
Suite 213C
Beverly, MA 01915
Tel. (978) 921-2670

## MEMORANDUM OF TERMS AND CONDITIONS
## FOR THE PURCHASE AT MORTGAGEE'S FORECLOSURE SALE

**PREMISES: 23 Sigel Street, Worcester, MA 01610**

_Reneaulon_ _____, of _Jones agent for Worder_
(hereinafter referred to as "**BUYER**") hereby acknowledges the purchase at public auction from
_Ray Macella_ _____, of Tache Auctions and Sales acting as agent for the
Deutsche Bank National Trust Company, as Trustee, (hereinafter referred to as "**SELLER**"), the
real estate described in the attached copy of "Mortgagee's Sale of Real Estate" for the bid sum or
purchase price of $ _____ _225,000.00_ _____ DOLLARS.   Buyer
hereby agrees to comply with the following terms and conditions of sale, and has paid as a
deposit to bind the bargain the sum of TEN THOUSAND & 00/100 ($10,000.00) DOLLARS,
which sum shall be forfeited to the Seller should the Buyer fail to comply with these terms and
conditions of sale, but such forfeiture shall not relieve the Buyer from any contractual
obligations hereunder nor shall such forfeiture be applied to the mortgage debt.  Such forfeiture
shall still be effective in the event the real estate is sold to the second (2nd) highest bidder.

Such premises are to be conveyed to the Buyer by a good and sufficient Foreclosure Deed
conveying a good and clear record title to the premises located at **23 Sigel Street, Worcester,
MA** more fully described in Mortgagee's Notice of Sale of Real Estate attached hereto, subject to
the following:

1. Provisions of existing zoning, building, subdivision control, environmental
laws and all other laws, by-laws, rules and restrictions of the City/Town of
**Worcester,** and also of the Commonwealth of Massachusetts relating to use of
land or buildings.

2. Any existing tenancy or tenancies, leases or occupants, or rights of possession,
if any there be.

3. Restrictions, rights, reservations, easements and agreements of record, if
applicable.

4. All outstanding municipal taxes, tax liens, tax titles, tax takings, and
betterment assessments, all transfer costs, including, but not limited to, "tax
stamps" and recording fees, outstanding water rates, water liens, and also sewer
use assessments or taxes, if any there be, all of which shall be assumed by Buyer
without adjustment in favor of Buyer.

1

EXHIBIT
A

5. Said premises are conveyed subject to the right of redemption of the United States or any of it's sub-agencies or divisions according to law, if applicable, to redeem the said premises.

6. Buyer acknowledges that this sale is subject to "so called" Title 5 Regulations that may require the inspection of the septic system for this property. Buyer further acknowledges that the Mortgagee makes no warranty or representation as to the applicability of the aforesaid Title 5 nor makes any warranty or representation as to whether the subject property will pass Title 5 septic system evaluation. The sole responsibility for compliance, if applicable, of the Title 5 requirements shall be the Buyer's and the Mortgagee shall have no responsibility therefore.

If fire or other casualty damages the buildings, Buyer at his option may cancel this agreement and receive back his deposit. However, the Seller, at its option, shall have the privilege to extend this agreement for an additional period of third (30) days and if the buildings are restored to their former condition within said period then Buyer shall be obligated to purchase said premises. The Buyer may elect, however, to have the proceeds of any insurance money received or to be received on account to such casualty assigned to him by the Seller and proceed with the purchase of said property under the terms of this memorandum.

Buyer acknowledges that Buyer has not been influenced to enter into this transaction nor has it relied upon any warranties or representations, expressed or implied, not set forth in this Agreement, or in the legal advertisement of this sale. Specifically, the Buyer acknowledges that the Seller has made no representations or warranties concerning the compliance of the premises with any and all buildings, zoning, environmental or the laws or ordinances (federal, state or local) which may affect the Buyer's use and/or enjoyment of the Premises. Additionally, any improvements including the buildings, if any, on the premises are sold "AS IS, WHERE IS" with no warranties expressed or implied. Buyer acknowledges that the Seller has made no representations or agreements that the Premises is vacant land, is a lot on which a structure may be built or if there is a partially completed structure on the Premises that it may be completed. Buyer also acknowledges that this sale does not include any personal property located on the premises being sold.

Buyer shall obtain his own financing if needed to purchase the premises sold thereunder and the Buyer acknowledges the Seller has made no representations that Seller will give or obtain financing for Buyer.

If a material defect in the record title, other than those set forth in Clauses 1-5 of this agreement preceding, shall be claimed by the Buyer, the Buyer shall notify the Seller and its attorney thereof in writing at least ten (10) days prior to the closing date stated below and the Seller shall have the option to use such portion of sixty (60) days from date of notice thereof as it may require to perfect said title, but shall be under no such obligation to do so.

If the Seller does not clear the record title or obtain at Seller's expense affirmative Title Insurance over the defect, the deposit made under this agreement shall be refunded without payment of interest thereon to the Buyer and all obligations of either party shall hereto cease, without further recourse.

The balance of the consideration of the sale, which shall be in the form of a Cashier's Check or Bank Check drawn on a Bank located In Eastern Massachusetts, made payable to HomEq Servicing Corporation, (except the deposit which shall be held by the Seller), shall be paid to Seller and the Premises conveyed to the Buyer by the usual Mortgagee's deed under the statutory power of sale on or before June 26, 2006, at 5:00 p.m. at the said office of DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 213C, Beverly, Massachusetts, 01915, time being of the essence. At the same time there shall be delivered to the Buyer a properly executed entry to foreclose and a copy of a Judgment of the Land Court authorizing the sale and said entry.

The Buyer acknowledges that if, as the successful bidder at the Foreclosure Sale, the Buyer shall default in purchasing the within described property according to the terms of the Mortgagee's Sale of Real Estate attached hereto, and/or the terms of this Memorandum of Sale that the Seller reserves the right to sell the property by Foreclosure Deed to the second highest bidder providing that said second highest bidder shall deposit with the Seller's Attorney, DOONAN, GRAVES, & LONGORIA L.L.C., the amount of the required deposit as set forth herein and execute this Memorandum of Sale within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice. It is also agreed that the Seller as holder of the mortgage being foreclosed may bid at this foreclosure Sale, and if Seller is the second highest bidder, Seller Shall have the right to purchase said Premises at the second highest bid price if the highest bidder defaults.

The Buyer is advised that Massachusetts General Laws, Chapter 111, Section 190-191 provides for a program of lead poisoning prevention and control, and further that there is a possibility of lead paint problem under said law if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer takes this risk; in purchasing this property pursuant to notice given hereunder.

The Buyer is further advised that Massachusetts General Laws. Chapter 14S, Section 26F requires that smoke detectors be installed in all residential structures. The Buyer, in purchasing this property at this foreclosure sale, agrees that he/she will assume all costs relative to the purchase and installation, plus all costs dealing with inspection fees for such smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum state and the appropriate Fire Department requirements.

In the event that the second highest bidder does not wish to purchase the premises, the holder of the mortgage reserves the right to purchase the premises at the amount bid by the second highest bidder.

In the event the Mortgagee cannot deliver title to the premises as provided herein, the purchaser shall only be entitled to the return of his/her deposit and this shall be purchaser's sole and exclusive remedy at law or in equity.

In the event that Mortgagee is unable to deliver title under the conditions hereinbefore stated or referred to, or in the event the Mortgagee elects to, at its sole discretion, unilaterally terminate this Memorandum of Terms and Conditions agreement to permit the owner of the premises to retain ownership, all deposits made by purchaser shall be returned and the contract effected hereby shall cease without recourse to the parties hereto.

The acceptance or recording of a deed and certificate of entry for the premises by the Buyer shall be deemed to be a full performance and discharge of the Seller's obligation hereunder.

This Agreement is executed in duplicate and is to be construed as a Massachusetts contract, to take effect as a sealed instrument, as sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified, or amended only by a written instrument executed by the Seller and Buyer. If two or more persons are named herein as Buyer their obligations hereunder shall be joint and several.

**Time is of the essence of this agreement.**

The Seller hereby acknowledges receipt of said deposit in the amount of TEN THOUSAND & 00/100 ($10,000.00) DOLLARS. Executed as a sealed instrument in duplicate this 24th day of May 2006.

_____          _____
Buyer                              Auctioneer for Seller as
                                   authorized agent and not otherwise.

_____
Buyer Address

_____
Telephone Number

4

Official Form 6D (10/06)

In re _Sima Schwartz_     Case No. _06- 42476_
    Debtor          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. _8035_ <br> HomeEq Servicing 1100 Corporate Center Dr, NC 4741 Raleigh, NC 27607 | | | 12/01/2005 1st Mortgage* House Residence 235 Igel St. Worcester, MA <br> VALUE $ 364,000 | | | X | 300,000.00 | 26,000.00 for both mort. |
| ACCOUNT NO. _8092_ <br> HomeEq Servicing Corporation P.O. Box 70830 Charlotte, NC 28272 | | | 12/01/2005 2nd mortgage* Same house in Worcester, MA <br> VALUE $ same | | | X | 90,000.00 | ↑ |
| ACCOUNT NO. _8915 4/212-6_ <br> Bank Tfahot 9 Heleni HaMalka St. Jerusalem, Israel 94221 | | | 06/01/2006 Mortgage Apartment 1Bet Ravugkia #12, Tiberia, Israel <br> VALUE $ 22,000 | | | | 16,000.00 | None |
| _1_ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 406,000.00 | $ 26,000.00 |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |

                           (Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)



✱ Nonpossessory, nonpurchase-money security Contingent interest

✱✱ Fee Simple

AMENDED


EXHIBIT
B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RE: | ) | |
| | ) | **CHAPTER 7** |
| **Sima Schwartz a/k/a** | ) | **CASE NO. 06-42476** |
| **Sima M. Shwartz** | ) | |
| **Debtor** | ) | |
| | ) | |

## MOTION TO CONTINUE HEARING SCHEDULED FOR FEBRUARY 1, 2007 AT 9:30 A.M.

Now Comes Deutsche Bank National Trust Company, as Trustee, assignee and successor in interest to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC ("Deutsche"), by and through its respective counsel, on this the 24th day of January 2007, and move this Court to continue the hearing currently scheduled for February 1, 2007 at 9:30 a.m. on Deutsche's Motion for Relief from Stay for one (1) week to allow time for Deutsche to file a new certificate of service showing that documents were sent again to the Debtor via regular and certified mail to ensure that the Debtor received all documents pertaining to the Motion for Relief from Stay and had the opportunity to prepare for and attend the hearing and obtain counsel if Debtor so chooses.

WHEREFORE, the Deutsche respectfully request that this Court allow this Motion and for other relief as is deemed just.

Dated: January 24, 2007

Counsel for Deutsche,

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.
Doonan, Graves and Longoria, LLC
100 Cummings Center, Suite 213C
Beverly, MA 01915
Tel. (978) 921-2670



# 23 Sigel St, Worcester, MA 01610
# 5 beds, 3.0 baths, 1,811 sq ft
# ZESTIMATE™: $223,805



## Home Facts

### Home Facts

| Edited Facts | |
| --- | --- |
| Residence: | Multi family |
| Bedrooms: | 5 |
| Bathrooms: | 3.0 |
| Sq ft: | 1,811 |
| Lot size: | 1,997 sq ft / 0.05 acres |
| Year built: | 1900 |
| Year updated: | -- |
| # Stories: | 2 |
| # Units: | -- |
| Total rooms: | 11 |
| Basement: | Finished |
| Roof type: | Asphalt |
| Exterior material: | Brick |
| View: | -- |
| Parking type: | Garage - Attached |
| Covered parking spaces: | -- |
| Heating source: | -- |
| Heating system: | Other |
| Cooling system: | -- |
| Appliances: | -- |
| Floor covering: | -- |
| Rooms: | -- |

EXHIBIT

| Architecture: | -- |
|---|---|
| Floor number: | -- |
| County: | Worcester |
| Parcel #: M:05 B:021 L:0059A | |
| Zillow Home ID: | 62557131 |
| Legal description: MAPNUM:000005 WARDNUM:00 BLOCKNUM:000021 LOTNUM:00059A UNITNUM:00000 | |

## Are you the owner?

Edit Home Facts

Learn more



## Comparable Homes

## How this home stacks up

**1**  42 Perry Ave
Sold 09/15/2006: $345,000

**2**  64 Ward St
Sold 04/03/2006: $315,000

**3**  85 Seymour St
Sold 12/12/2006: $359,000

**4**  39 Harlem St
Sold 09/15/2006: $140,000

## Sale History & Tax Info

© 2006-2007 Zillow.com, All Rights Reserved