UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
IN RE: \*
\*   Chapter 7
SIMA SCHWARTZ \*   Case No. 06-42476-JBR
Debtor. \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN RESPONSE TO COURT ORDER DATED FEBRUARY 8, 2007**

Now comes Deutsche Bank National Trust Company, as Trustee (collectively, "Deutsche") and hereby submits this memorandum of law in response to this Court's order dated February 8, 2007 (the "Order")[1]. The Order requires Deutsche to provide a memorandum regarding the "proper procedure a bank must follow to foreclosure on a mortgage in Massachusetts including…" the appropriateness of Deutsche's foreclosure of certain real property commonly known as 23 Sigel Street, Worcester, Massachusetts 01610 (the "Property").

In response to the Order, Deutsche states as follows:

A.   **Foreclosure Procedure in Massachusetts**

The process of foreclosure is governed by M.G.L. c.244 and the Servicemembers' Civil Relief Act. A foreclosing mortgagee must first file the following documents with the Land Court: a) a "Complaint to Foreclose Mortgage"; b) four copies of the Order of Notice; and c) the filing fee. The Orders of Notice advise the defendant(s) that the

---

[1] Due to a potential conflict because of her status as a witness to the foreclosure sale, Attorney Reneau Longoria has withdraw as counsel for Deutsche. Deutsche has retained the undersigned to represent its interests in this action going forward. Because the Court ordered Attorney Longoria to submit this memorandum, the undersigned has consulted with Attorney Longoria regarding this memorandum. As such, Attorney Longoria supports the arguments and authority advanced herein.

{00107558.DOC}

foreclosing mortgagee has filed the Complaint for authority to foreclose, and it also provides the defendant(s) with a deadline if they believe that they are covered by the Service Members Civil Relief Act, 50 U.S.C. §§501-596.

The Order of Notice must be published once in a newspaper chosen by the court at least twenty-one (21) days before the return date listed in the Order of Notice. The Order of Notice must then be served on each defendant by either certified mail or registered mail or via sheriff. Service must be accomplished no later than fourteen (14) days before the return date. A copy of the Order of Notice must also be recorded in the registry of deeds or registry district of the Land Court where the property is located. Recording the Order of Notice can take place at any time prior to the return date.

The Order of Notice must then be returned to the Land Court. It must include the tear sheet provided by the newspaper constituting proof of publication, and it must show evidence of recordation, as evidenced by inserting the date on which the Order of Notice was recorded. Proof of service is evidenced by either the sheriff's return or signed "green cards" showing receipt by the debtor. The foreclosing mortgagee also files a request for default judgment on return of the Order of Notice. Provided no answer is filed by the defendant(s), the Court will file an original interlocutory order for judgment and one week thereafter will issue, a final order for judgment for authorizing foreclosure.

M.G.L. c.244, §14 then requires the foreclosing mortgagee to publish a copy of its Notice of Sale once a week for three (3) consecutive weeks in a newspaper published in the general circulation in the town in which the property is located. The first publication must take place at least twenty-one (21) days before the sale. The publicized Notice must contain the name of the party holding the mortgage and making the sale.

{00107558.DOC}                                              2

M.G.L. c.244, §14 requires that the foreclosing mortgagee send a notice of its impending sale to each of the owners of the equity of redemption by registered mail at least fourteen (14) days before the sale. All parties having an interest in title that is recorded at least thirty (30) days prior to the sale, if it is junior to the mortgage being foreclosed on, are also entitled to a Notice of Sale at least fourteen (14) days before the sale. After the Property is sold at auction, a Memorandum of Sale must be executed by the high bidder. Ultimately, a foreclosure deed is recorded.

### B.    Appropriateness of the Subject Foreclosure

**1.    The note, mortgage, assignment and foreclosure:**

On July 22, 2005, the debtor, Sima Schwartz (the "Debtor"), executed and delivered to First MLC Financial Services LLC a note in the original amount of $272,000.00 (the "Note"). Simultaneously therewith, as security for obligations under the Note, the Debtor executed and delivered to Mortgage Electronic Registration Systems Inc. as nominee for First MLC Financial Services LLC a mortgage (the "Mortgage") on the Property.[2] The Mortgage was recorded at the Worcester Registry of Deeds. The Mortgage was subsequently assigned to Deutsche Bank National Trust Company as Trustee, which was recorded on June 14, 2006.[3]

After defaulting on the terms of her Note and Mortgage by failing to make payments, Deutsche began foreclosure proceedings on the Property. An acceleration

---

[2] True and accurate copies of the Note and Mortgage are attached as **Exhibit A** and **Exhibit B**, respectively.

[3] A true and accurate copy of the assignment is attached as **Exhibit C**.

letter was sent on January 17, 2006.[4] On March 7, 2006, foreclosure counsel filed the Complaint, Orders of Notice, and filing fee with the Land Court.[5] The Orders of Notice were sent to the Debtor, and for recording, on April 14, 2006 and was published on April 17, 2006.[6] Completed returns of the Orders of Notice, as well as a military affidavit and a Motion to Take Complaint for Confessed were filed with the Land Court on April 24, 2006.[7] The return date was May 15, 2006, and the Land Court judgment issued on May 23, 2006.[8]

The Notice of Intent to Foreclose Mortgage was sent on May 5, 2006 by certified mail to the owner and all junior lien holders. It was published on May 3, 10, and 17, 2006.[9] A foreclosure sale was held on May 24, 2006 and the foreclosure deed was recorded on October 13, 2006.[10] At no time did Mortgage Electronic Registration Systems, Inc. ("MERS") foreclose on the Debtor's Property or act as a nominee of any foreclosing entity. Thus, Deutsche fully complied with the requirements of M.G.L. ch. 244, §14 and the Servicemembers' Civil Relief Act and held a valid foreclosure auction.

---

[4] A true and accurate copy of the acceleration letter is attached as **Exhibit D**.

[5] A true and accurate copy of correspondence to Land Court, dated March 7, 2006, is attached as **Exhibit E**.

[6] A true and accurate copy of correspondence to Debtor and registry, dated April 14, 2006, are attached as **Exhibit F**.

[7] A true and accurate copy of correspondence dated April 24, 2006 is attached as **Exhibit G**.

[8] A true and accurate copy of the Land Court judgment is attached as **Exhibit H.**

[9] A true and accurate copy of the Notice of Intent to Foreclosure Mortgage is attached as **Exhibit I**.

[10] A true and accurate copy of the foreclosure deed is attached as **Exhibit J**.

2. **The appropriateness of the original MERS mortgage:**

Although MERS did not foreclose upon the Debtor's Property, Deutsche wishes to take this opportunity to respond to certain issues that the Court raised in the hearing which precipitated the Order.

"As noted by several courts, MERS administers an electronic registry to track the transfer of ownership interests and servicing rights in mortgage loans, serving as mortgagee of record and holding legal title to mortgages in a nominee capacity." See Memorandum of Decision Regarding Motion for Relief from Stay by Judge Robert Soma ("Memorandum of Decision"), p.4, *In re Sonya D. Huggins, f/k/a Sonya D. Hicks*, Chapter 13 Case No. 05-18826-RS (December 14, 2006).[11] See also *Mortgage Elec. Reg. Sys. v. Nebraska Dept. of Banking*, 270 Neb. 529, 530, 704 N.W.2d 784, 785 (Neb. 2005); *Taylor, Bean and Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 583 S.E.2d 844 (Ga. 2003); *In re Gemini Services, Inc.*, 350 B.R. 74, 82-83 (Bankr.S.D. Ohio 2006.). "MERS also acts as assignee of notes and mortgages on its own account." Memorandum of Decision, fn. 1, p. 4. See also *Mortgage Electronic Registration Systems v. Mahler*, 928 So.2d 470 (Fla. 2006).

In *Huggins*, the Court analyzed whether MERS, as nominee for Full Spectrum Lending, Inc. ("Spectrum"), had standing to seek relief from stay to foreclose on a mortgage of Huggins' property. In concluding that MERS had the right to foreclose on Spectrum's behalf, the *Huggins'* Court noted that:

> [t]he Mortgage contains two specific and ultimately dispositive provisions relating to MERS. *First*, the Mortgage states that "MERS is a separate corporation that is acting solely as nominee for [Spectrum] and [Spectrum's] successors and assigns. MERS is the mortgagee under this

---

[11] A true and accurate copy of the Memorandum of Decision is attached as **Exhibit K**.

>Security Instrument." A nominee is generally understood as a person designated to act in place of another. See Black's Law Dictionary (8[th] ed. 2004). See also *Kolakowski v. Finney*, 1983 Mass.App.Div. 360, 363 (1983) (elaborating on nominee definition); and *Lee v. Ravanis*, 212 N.E.2d 480 (1965) (giving legal effect to action by and role of a nominee in a contract for the sale of real estate). *Second*, the Mortgage states that the Debtor "does hereby mortgage, grant and convey to MERS (solely as nominee for [Spectrum] and [Spectrum's] successors and assigns) and to the successors and assigns of MERS, with power of sale . . . [the Property.]" MERS then has the customary rights of a mortgagee under a Massachusetts mortgage and may act under the Mortgage on Spectrum's behalf.

See **Exhibit E** at p. 4. It is important to note that the Debtor's Mortgage in the instant bankruptcy has <u>identical language</u> to that which the Court found dispositive. See **Exhibit B**. The *Huggins* Court concluded that "MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale under [M.G.L. c.244, § 14 et seq.]." See **Exhibit E**, at p. 5.

Since Massachusetts is a title theory state, the granting of a mortgage is a conveyance of title that gives the mortgagee actual legal title to the property, subject to the mortgagor's equity of redemption. *Perry v. Miller*, 330 Mass. 261, 263 (1953); and *Atlantic Savings Bank v. Metropolitan Bank and Trust Co.*, 9 Mass. Appt.Ct. 286, 287 (1980).

>"Literally, in Massachusetts, the granting of a mortgage vests title in the mortgagee to the land placed as security for the underlying debt. The mortgage splits the title into two parts: the legal title, which becomes the mortgagee's and the equitable title, which the mortgagor retains. The purpose of vesting legal title in the mortgagee is to secure the debt owed by the mortgagor . . . the mortgagor retains an equity of redemption, and upon the payment of the note by the mortgagor . . . the mortgagee's interest in the real property comes to and end."

*Maglione v. BancBoston Mortgage Corp.*, 29 Mass.App.Ct. 88, 90 (1990) (internal citations omitted); see also *Lanson & Co., Inc. v. Abrams*, 305 Mass. 238, 240 (1940)

(Massachusetts Supreme Judicial Court confirming that the execution of a mortgage conveys legal title to the mortgagee).

Accordingly, when the Debtor issued the Mortgage, the Debtor conveyed actual legal title to the Property to MERS. The Mortgage clearly sets forth in writing that it is the agreement of the lender, First NLC Financial Services, LLC (the "Lender"), that MERS be the actual mortgagee under the Mortgage. By signing the Mortgage, the Debtor: a) accepted the nominee relationship between MERS and the Lender; b) accepted the fact that MERS would be the actual mortgagee under the Mortgage; and c) convened the legal title of the Property to MERS.

Of course, the *Huggins* Property was foreclosed on by MERS, as nominee for Spectrum. In the instant foreclosure, MERS had assigned its interest as nominee for the Lender to Deutsche. It was Deutsche who foreclosure upon the Debtor's Property. There is no requirement that an assignment be recorded prior to foreclosure. M.G.L. c.244, § 14 et seq.

**WHEREFORE**, MERS was properly the nominee of the Lender of the original Mortgage on the Property, and properly assigned its interest under the Mortgage to Deutsche, who ultimately foreclosed on the Property.

        Respectfully submitted,

        **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,**

        By its attorneys,

        /s/ *Christopher Matheson*
        Paul Michienzie, Esq. – BBO# 548701
        Christopher Matheson, Esq. – BBO# 640594
        Michienzie & Sawin LLC
        745 Boylston Street
        Boston, MA 02116
        T: (617) 227-5660

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
IN RE: \*
\* Chapter 7
SIMA SCHWARTZ \* Case No. 06-42476-JBR
Debtor. \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF SERVICE

I, Christopher Matheson, hereby certify that I have this 22nd day of February 2007, served on behalf of Deutsche Bank National Trust Company, as Trustee, a secured creditor in the above-captioned proceeding, ***Memorandum of Deutsche Bank National Trust Company, as Trustee in Response to Court Order Dated February 8, 2007*** by causing copies hereof to be sent by first-class, U.S. mail, postage pre-paid, and electronic filing, to the following:

<u>Via first class mail</u>
Sima Schwartz
23 Sigel St., Apt. 2
Worcester, MA 01610

<u>Via electronic filing</u>
Reneau J. Longoria
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 213C
Beverly, MA 01915

{00107558.DOC} 9

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,**

By its attorneys,

/s/ *Christopher Matheson*
Paul Michienzie, Esq. – BBO# 548701
Christopher Matheson, Esq. – BBO# 640594
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116
T: (617) 227-5660

{00107558.DOC}                    10