# Exhibit A

# Note

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*)—Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY
MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT
ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| July 22, 2005 | PROVIDENCE | Rhode Island |
|---|---|---|
| [Date] | [City] | [State] |
| | 23 SIGEL STREET | |
| | WORCESTER, MA  01610 | |

[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 272,000.00                      (this amount is called
"Principal"), plus interest, to the order of Lender. Lender is  FIRST NLC FINANCIAL SERVICES, LLC.

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to
receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of        7.5900%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any
default described in Section 7(B) of this Note.

## 3.   PAYMENTS

(A)   Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on  September 01, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on August 01, 2035                , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at FIRST NLC FINANCIAL SERVICES, LLC., 700 W Hillsboro Blvd. B-1
#204, Deerfield Beach, Florida  33441

                                                                      or at a different place if required by the Note Holder.

(B)   Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 1,918.65                    . This amount
may change.

(C)   Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I
must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in
accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTE—LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*)—
Single Family

[Page 1 of 4 pages]

FILC Form 33019L1  (04/052006)

3058504777
1001959100000811110

SS

4.  **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A)  **Change Dates**

The interest rate I will pay may change on the first day of **August 2008** , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B)  **The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C)  **Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding

**Seven and 34/100ths**

percentage points (    7.3400%) to the Current Index.   Subject to the limits stated in Section 4(D) below, this amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D)  **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than          10.5900% or less than 7.5900%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One and One Half**

percentage points (    1.5000%) from the rate of interest I have been paying for the preceding      6      months. My interest rate will never be greater than      14.5900% or less than      7.5900%.

(E)  **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F)  **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5.  **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

6.  **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7.  **BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A)  Late Charges for Overdue Payments**
    If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **3.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
    **(B)  Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
    **(C)  Notice of Default**
    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
    **(D)  No Waiver By Note Holder**
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
    **(E)  Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8.  **GIVING OF NOTICES**
    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
    Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**
    I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**
    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

    **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

55

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 4 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
SIMA SHWARTZ                       -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

[Sign Original Only]

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this **22nd** day of **July 2005** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**FIRST NLC FINANCIAL SERVICES, LLC.**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

**23 SIGEL STREET**
**WORCESTER, MA  01610**

*[Property Address]*

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. **ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

B. **USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

C. **SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

D. **RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

E. **"BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

F. **BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

G. **ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3170 1/01

ITEM 1790L1 (0011)    *(Page 1 of 3 pages)*    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

1001959100008111110

of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3170 1/01

ITEM 1790L2 (0011)                    (Page 2 of 3 pages)                    GREATLAND ■
                                                                 To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

# Exhibit B

# Mortgage

After Recording Return To:
**FIRST NLC FINANCIAL SERVICES, LLC.**
**700 W. HILLSBORO BLVD. B-1 #204**
**DEERFIELD BEACH, FLORIDA 33441**



2005 00121848
Bk: 38911 Pg: 349    Doc: MTG
Page: 1 of 19    07/28/2005 09:17 AM

[Space Above This Line For Recording Data]

# MORTGAGE

MIN: 100195910000811110

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated July 22, 2005               , together with all Riders to this document.

(B)  "Borrower" is SIMA SHWARTZ, AN UNMARRIED WOMAN

Borrower is the mortgagor under this Security Instrument.

(C)  "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)  "Lender" is FIRST NLC FINANCIAL SERVICES, LLC.
Lender is a Limited Liability Company                              organized and existing under
the laws of the State of Florida                                    . Lender's address is
700 W. HILLSBORO BLVD. B-1 #204, DEERFIELD BEACH, FLORIDA 33441

(E)  "Note" means the promissory note signed by Borrower and dated July 22, 2005                . The Note states that Borrower owes Lender Two Hundred Seventy Two Thousand and no/100
Dollars (U.S. $ 272,000.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 01, 2035

(F)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

MASSACHUSETTS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3022 1/01
ITEM 2690L1 (0011)—MERS                                                        GREATLAND ■
                                                                              To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
(Page 1 of 12 pages)

SS

(G)  "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H)  "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [X] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(I)  "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J)  "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K)  "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L)  "**Escrow Items**" means those items that are described in Section 3.

(M)  "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N)  "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O)  "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P)  "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q)  "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

MASSACHUSETTS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3022 1/01
ITEM 2580L2 (0011)—MERS                              (Page 2 of 12 pages)                    GREATLAND ■
                                                                       To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

SS

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the      **County**      of        **WORCESTER**     :
          [Type of Recording Jurisdiction]             [Name of Recording Jurisdiction]

**SEE ATTACHED LEGAL DESCRIPTION**

which currently has the address of              **23 SIGEL STREET**
                                    [Street]

**WORCESTER**      , Massachusetts      **01610**      ("Property Address"):
   [City]                           [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

MASSACHUSETTS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3022 1/01
ITEM 2640L3 (0011)—MERS                                    GREATLAND ■
                         (Page 3 of 12 pages)        To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

SS

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in pages
1 through 3 of this 1-4 Family Rider.

_____ (Seal)       _____ (Seal)
SIMA SHWARTZ                   -Borrower                                  -Borrower

_____ (Seal)       _____ (Seal)
                               -Borrower                                  -Borrower

_____ (Seal)       _____ (Seal)
                               -Borrower                                  -Borrower

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3170 1/01

ITEM 1790L3 (0011)            (Page 3 of 3 pages)                GREATLAND ■
                                                   To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

# Exhibit C

# Assignment

Record and Return to:
Doonan, Graves, & Longoria
Attn: Kerry A. Pass
100 Cummings Center, Suite 213C
Beverly, MA 01915

## ASSIGNMENT OF MORTGAGE

Know that, for valuable consideration, Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC ( ASSIGNOR ), hereby sells, assigns, and transfers to Deutsche Bank National Trust Company as Trustee ( ASSIGNEE ), whose mailing address is 4837 Watt Avenue, North Highlands, CA the Assignor s interest in a certain mortgage made by Sima Shwartz to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC dated July 22, 2005 and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 36911, Page 349, describing land therein as:

**23 Sigel Street, Worcester, MA**

Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC, Assignor

Dated: 6/14/06

By: John H. Dunnery

Its: VP

## CORPORATE ACKNOWLEDGMENT

State of NC )
County of Wake ) ss.

On the 14 day of June in the year 20 06 before me, the undersigned, personally appeared John H. Dunnery, personally known to me or proved to me on the basis of satisfactory evidence, which were drivers licenses to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and on behalf of Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Wake, in the State of NC.

Notary Public
My commission expires: 2-3-70

CELINTE L. PIERCE
NOTARY PUBLIC
Wake County, North Carolina
My Commission Expires February 3, 2010

# Exhibit D

# Acceleration Letter

HOMEQ SERVICING

1`

DF770

**‖‖₁₁₁₁‖₁‖₁₁₁₁‖‖‖₁₁₁₁‖₁‖**
**SIMA SHWARTZ**

**23 SIGEL STREET**
**WORCESTER, MA 01610**

**January 17, 2006**

RE:     Account Number: 0000324278035

Property Address:     23  SIGEL ST
                       WORCESTER, MA 01610

Dear SIMA SHWARTZ:

This letter is in reference to the above-referenced account (the  Account ), serviced by HomEq Servicing
Corporation ( HomEq ), on behalf of the following current creditor:

Name of current creditor/owner:     Deutsche Bank National Trust Company
Time and place of the creation of the debt:   07/22/2005
                                              WORCESTER, MA

Merchandise, services or other things of value:     Mortgage/Deed of Trust

You are hereby provided with notice that you are in default under the terms and conditions of your
Note/Retail Installment Sale Contract and Mortgage/Deed of Trust  secured by the above-referenced
property (the  Property ) for failure to pay the required installments when due.  If your Account is not
brought current within thirty-five (35) days of the date of this letter, which is 02/21/2006, HomEq will,
without further demand, accelerate the maturity date of the Account and declare the total balance
immediately due and payable.  As a consequence, HomEq may refer your Account to an attorney for
foreclosure and all fees associated with foreclosure and Property preservation may be added to the total
amount required to bring the Account current.  In order to avoid further action, your full and timely
payment in an amount sufficient to bring the Account current must be received by HomEq via **certified
funds, cashier s check or money order(s)** on or before 02/21/2006.  Your remittance must be made
payable and mailed to HomEq Servicing Corporation at P. O. Box 70829 Charlotte, NC 28272 - 0829.

As of the date of this letter, the amount required to bring the Account current and avoid foreclosure is the
sum of payments that have come due on or after the date of default, 12/01/2005, plus late charges, periodic
adjustments to the monthly payment amount (if applicable) and other expenses associated with collection,
all of which total $3,855.30.  Because interest accruals, late charges and other expenses may be additionally
incurred, the amount required to bring the Account current on the day you actually deliver your payment to
HomEq may be greater than the amount provided above.  Accordingly, you should contact HomEq at 1-
800-795-5125, Monday - Thursday 5:00AM-9:00PM, Friday 5:00AM-6:00PM, Saturday 5:00AM-1:30PM,
Sunday 8:00AM-5:00PM, Pacific Time to obtain the exact amount needed to bring the Account current
prior to remitting payment.

**HomEq Servicing Corporation is a debt collector.  HomEq is attempting to collect a debt and any**
**information obtained will be used for that purpose.**
**SEE LAST PAGE FOR ADDITIONAL IMPORTANT DISCLOSURES**
THIS NOTICE CONTINUES ON THE NEXT PAGE

 WACHOVIA

Page 2

You are hereby informed that you have the right to  cure  or reinstate the Account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration.

Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires HomEq to provide you with the total debt (or balance) due to HomEq as of the date of this letter, which is $275,765.59.  The total estimated debt amount provided herein is for informational purposes only and this letter is not intended to act as a  payoff statement  or demand for you to pay the Account in full.  If you want to obtain a written payoff statement, please submit your request to HomEq Servicing Corporation, Attention: Payoff Quotes, Mail Code CA3344, P.O. Box 13716, Sacramento, CA 95853 or otherwise contact HomEq at (877) 867-7378, Monday through Friday between 5:30 a.m. and 5:30 p.m., Pacific Time.

HomEq is acting as the Mortgage Loan Servicer for Deutsche Bank National Trust Company, which is the current creditor/owner of the Note and deed of Trust associated with your account.  HomEq, as Mortgage Loan Servicer, is representing Deutsche Bank National Trust Company whose address is 1761 East St. Andrew Place, Attention:  Trust Administration MS05X4, Santa Ana, CA 92705.  The Mortgage Loan Servicer is authorized to represent Deutsche Bank National Trust Company by virtue of a servicing agreement.  The Mortgage Loan Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced account.   **All notices, payments, correspondence, and other communications regarding your account should continue to be directed to HomEq**.

You are notified that this default, and any other legal action that may occur as a result thereof, may be reported by HomEq to one or more credit reporting agencies.

**Except as otherwise contained herein, all communication concerning this matter must be made to HomEq via telephone at 1-800-795-5125, Monday - Thursday 5:00AM-9:00PM, Friday 5:00AM-6:00PM, Saturday 5:00AM-1:30PM, Sunday 8:00AM-5:00PM, Pacific Time or in writing to: HomEq Servicing Corporation, Attn: Account Research, Mail Code CA3345, P.O. Box 13716, Sacramento, CA 95853.**

Please take appropriate action with respect to the important matters discussed herein.


Sincerely,


HomEq Servicing Corporation


THIS LETTER CONTINUES ON THE NEXT PAGE

# Exhibit E

## Correspondence to Land Court, dated March 7, 2006

# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

March 7, 2006

Commonwealth of Massachusetts
Department of the Land Court
226 Causeway Street
Boston, MA  02114

RE:   Deutsche Bank National Trust Company, as Trustee v. Shwartz

Dear Madam/Sir:

Enclosed for filing please find the following:

1. Complaint to Foreclose Mortgage and one copy
2. Incomplete Orders of Notice (4 copies)
3. Filing Fee of $255.00

Kindly return three copies of the Order of Notice complete with return date and stamp the form marked "copy" and return to me in the enclosed self-addressed stamped envelope so that I may make the appropriate service.

If you have any questions, please contact me at 978-921-2670 x14.

Very truly yours,

Kerry A. Pass
Paralegal

COMMONWEALTH OF MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE TRIAL COURT

|  | (JUDGMENT ISSUE: |
|---|---|
| Court | (_____ |
| Use | (_____ |
| Only | (_____ |

Worcester      ss.                           Case No.

## COMPLAINT TO FORECLOSE MORTGAGE

| PLAINTIFF:<br>Name | City or Town<br>of Residence | |
|---|---|---|
| **Deutsche Bank National Trust Company, as Trustee** | North Highlands, CA | |
| DEFENDANT<br>Name | City or Town<br>of Residence | Interest |
| **Sima Shwartz** | **Worcester, MA** | Owner |

1. Your plaintiff is the ~~owner ( or~~ assignee) and holder of a mortgage with the statutory power of sale given by

**Sima Shwartz**

to

**Mortgage Electronic Registration Systems, Inc., as nominee**   dated   **July 22, 2005**
**for First NLC Financial Services, LLC**

recorded at the   **Worcester County (Worcester**   Book   **36911**   Page   **349**
**District) Registry of Deeds**

covering*   **23 Sigel Street**                          (Street and Number)

**Worcester, MA**                                       (and city or town)

and more particularly described in said mortgage.

**LAND COURT USE ONLY**

## JUDGMENT

Under the provisions of the Servicemembers Civil Relief Act, this cause came on to be heard and thereupon, upon consideration thereof, it appearing to the Court that the record owner is not entitled to the benefits of said Act, it is

ORDERED and ADJUDGED that the plaintiff be authorized and empowered to make an entry and to sell the property covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.
   Attest:

                                                Deborah J. Patterson
(SEAL)                                          *Recorder*

NOTE:  Wherever the singular is used herein, it shall be deemed to mean and include the plural where applicable.
          *A metes and bounds description to the property is not necessary

## COMMONWEALTH OF MASSACHUSETTS
(SEAL)
## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

To                                                        Case No.

    **Sima Shwartz**

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**Deutsche Bank National Trust Company, as Trustee**

claiming to be the holder of a mortgage

covering real  property in    **Worcester**

numbered as    **23 Sigel Street**

given by

**Sima Shwartz   to Mortgage Electronic Registration Systems, Inc., as nominee for First
NLC Financial Services, LLC dated July 22, 2005 and recorded at the Worcester County
(Worcester District) Registry of Deeds at Book 36911, Page 349 and now held by plaintiff
by assignment.**
has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Servicemembers Civil Relief Act

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the          day of                    2006

or you may be forever barred from claiming that such foreclosure                is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

day of              2006

           Deborah J. Patterson

           *Recorder*

p:\Massachusetts Foreclosures\Generated_Forms\Order of Notice_Foreclosure_Shwartz_2320.15

# Exhibit F

**Correspondence to Debtor and Registry, dated April 14, 2006**

# DOONAN, GRAVES & LONGORIA, LLC

**ATTORNEYS AT LAW**

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

---

### ORDER OF NOTICE TO RECORD

April 14, 2006

Anthony J. Vigliotti, Register
Worcester County Registry of Deeds
Court House
2 Main Street
Worcester, MA 01608

Re:   Sima Shwartz and                          Case No. 320064
      23 Sigel Street, Worcester, MA 01610

Dear Madam/Sir:

Enclosed please find an original and true copy of an Order of Notice for recording. Kindly record and return to this office in the enclosed self-addressed stamped envelope. I have enclosed a check in the amount of $76.00 for the recording and copy fee.

Please contact me at 978-921-2670 x14 if you have any questions.

Very truly yours,

Kerry Pass
Legal Assistant

KP/cm

## COMMONWEALTH OF MASSACHUSETTS
(SEAL)                    ## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

To

    **Sima Shwartz**



06 MISC 320064

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**Deutsche Bank National Trust Company, as Trustee**

claiming to be the holder of a mortgage

covering real property in   **Worcester**

numbered as   **23 Sigel Street**

given by

**Sima Shwartz**   **to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC dated July 22, 2005 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 36911, Page 349 and now held by plaintiff by assignment.**
has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Servicemembers Civil Relief Act

and you object to such foreclosure you or your attorney should file a written appearance and

answer in said court at Boston on or before the *15* day of *May* 2006

or you may be forever barred from claiming that such foreclosure     is invalid

under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

    *28* day of *March* 2006

                    Deborah J. Patterson

                   *Recorder*

A TRUE COPY
ATTEST:

DEPUTY RECORDER

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 04/14/2006 12:44
                                        NAME  : DOONANGRAVESLONGORIA
                                        FAX   : 9789214870
                                        TEL   : 9789212670
                                        SER.# : BROM3J972577


        DATE,TIME              04/14  12:43
        FAX NO./NAME           15087523588
        DURATION               00:00:54
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```



# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

April 14, 2006

Worcester County Sheriff's Department
Process Division
204 Main Street
Worcester, MA 01613
Fax: 508-752-3588

RE:    Sima Shwartz
       23 Sigel Street, Worcester, MA 01610
       Case No. 320064

Dear Madam/Sir:

Enclosed please find an Order of Notice that must be served on the following:

            Sima Shwartz
            23 Sigel Street
            Worcester, MA 01610

# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

April 14, 2006

Worcester County Sheriff's Department
Process Division
204 Main Street
Worcester, MA 01613
Fax: 508-752-3588

RE:   Sima Shwartz
      23 Sigel Street, Worcester, MA 01610
      Case No. 320064

Dear Madam/Sir:

Enclosed please find an Order of Notice that must be served on the following:

Sima Shwartz
23 Sigel Street
Worcester, MA 01610

Kindly serve the individual(s) listed above and send your return of service along with your invoice to me in the Beverly, MA office. Please note that service must be made on or before **May 1, 2006.**

If prepayment is required for service, please inform me of the required amount via phone or fax immediately so that I may forward the necessary funds to you.

Thank you for your prompt attention to this matter.

Very truly yours,

Kerry Pass
Legal Assistant

KP/cm

p:\Massachusetts Foreclosures\Generated_Forms\Order of Notice Letter to Sheriff_Foreclosure_Shwartz_2320.15

# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

---

## ORDER OF NOTICE TO DEBTOR

April 14, 2006

**VIA SHERIFF AND CERTIFIED MAIL**

Sima Shwartz
23 Sigel Street
Worcester, MA 01610

Re:   Sima Shwartz
      23 Sigel Street, Worcester, MA 01610
      Case No. 320064

Dear Madam/Sir

In connection with the above-referenced property, enclosed please find a copy of an Order of Notice to foreclose a mortgage given Sima Shwartz  to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC dated July 22, 2005 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 36911, Page 349 now held by plaintiff by assignment.

If you have any questions or need further information, please do not hesitate to contact me in our Beverly office at 978-921-2670 ext. 14.

Very truly yours,

John A. Doonan, Esq.

KP/cm

**Certified Article Number**
7160 3901 9849 5184 7505
**SENDERS RECORD**

p:\Massachusetts Foreclosures\Generated_Forms\Order of Notice Letter to Debtor_Foreclosure_Shwartz_2320.15

7160 3901 9849 5184 7505

**TO:**  Sima Shwartz
23 Sigel Street
Worcester, MA 01610

**SENDER:**    DG&L

**REFERENCE:** KP 2320.15 Shwartz

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | 1.40 |
| | Restricted Delivery | 1.25 |
| | Total Postage & Fees | 0.00 |

**US Postal Service**

## Receipt for
## Certified Mail

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

---

2. Article Number

7160 3901 9849 5184 7505

| COMPLETE THIS SECTION ON DELIVERY |
|---|
| A. Received by (Please Print Clearly)    B. Date of Delivery   8/4/15 |
| C. Signature    X _Allbapy_    ☐ Agent ☐ Addressee |
| D. Is delivery address different from item 1? ☐ Yes |
| If YES, enter delivery address below: ☐ No |

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:
Sima Shwartz
23 Sigel Street
Worcester, MA 01610

KP 2320.15 Shwartz

DG&L

PS Form 3811, January 2005          Domestic Return Receipt

# Exhibit G

# Correspondence dated April 24, 2006

# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & Washington*

*www.dgandl.com*

*100 Cummings Center*
*Suite 213C*
*Beverly, Massachusetts 01915*
*TEL: (978) 921-2670*
*FAX: (978) 921-4870*

April 24, 2006

Commonwealth of Massachusetts
Department of the Land Court
226 Causeway Street
Boston, MA  02114

Attn:  Foreclosure Clerk
Re:    23 Sigel Street, Worcester, MA  01610                    Shwartz  320064

Dear Madam/Sir:

Enclosed please find the following:

1. Complete Return on Order of Notice;
2. Military Affidavit;
3. Motion to take Complaint for Confessed

Kindly enter a default at your earliest convenience and return the judgment to me in the enclosed, self-addressed stamped envelope.

If you have any questions or need further information, please do not hesitate to contact me at 978-921-2670 ext. 14.

Sincerely,

Kerry A. Pass
Paralegal

kp

p:\Massachusetts Foreclosures\Generated_Forms\Return Cover Letter_Foreclosure_Shwartz_2320.15

I hereby on oath state that I have published a copy of the within order of notice in the

_Worcester Telegram_ a newspaper published in

_Worcester_ in the County of _Worcester_

and said Commonwealth, to wit: on the _17th_ day of _April_ 2006,

a copy of which publication is hereto annexed, and by mailing by certified or registered mail or by

serving by sheriff a copy of said notice not less than *fourteen* days before the return day to each defendant

named in said complaint; that I am enclosing herewith certified or registered mail receipts or affidavits of

service therefore; and that I recorded on _April 18, 2006_ a copy

of said notice in the registry of deeds in which the mortgage is/are recorded.

_April 25_ 2006

KERRY A. PASS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 26, 2008

_John Tom_

Subscribed and sworn to before me

*Notary Public*

## NOTE

This return is not to be published or recorded, but the affidavit must be executed properly and returned to the Land Court.

No. **320064**

ORDER OF NOTICE

PUBLISH THE ABOVE COPY.
RECORD THE ATTACHED COPY.

April 17, 2006

**COMMONWEALTH OF MASSACHUSETTS LAND COURT DEPARTMENT OF THE TRIAL COURT**
(Seal)   Case No.: 320064

To:
Sima Shwartz
and to all persons entitled to the benefit of the Servicemembers Civil Relief Act, Deutsche Bank National Trust Company, as Trustee, claiming to be the holder of a mortgage covering real property in Worcester numbered as 23 Sigel Street given by Sima Shwartz to Mortgage Electronic Registration Systems, Inc., as nominee for First NLC Financial Services, LLC dated July 22, 2005 and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 36911, Page 349 and now held by plaintiff by assignment, has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale. If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 15th day of May 2006 or you may be forever barred from claiming that such foreclosure is invalid under said act.
Witness, KARYN F. SCHEIER, Chief Justice of said Court this 28th day of March 2006.
Deborah J. Patterson
Recorder
(2320.15/Shwartz)(04/17/06)(67578)



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

04/19/2006

I hereby certify and return that on 04/18/2006 at 01:45pm I served a true and attested copy of the Order of Notice in this action in the following manner:  To wit, by leaving at the last and usual place of abode of SIMA SHWARTZ at 23 SIGEL ST, WORCESTER, MA and by mailing first class mail to the above address on 04/19/2006.  Fees: Service 20.00, Travel 19.20, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00 Total Fees: $47.20

Deputy Sheriff Steven J Trottier

_____
**Deputy Sheriff**

COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

## DEPARTMENT OF THE TRIAL COURT

Case No. 320064

# AFFIDAVIT AS TO MILITARY SERVICE

And now comes the plaintiff, one of the plaintiffs pursuant to an Act of the 108th Congress of the United States known as the Servicemembers Civil Relief Act, as amended, and makes affidavit that defendant(s)

Sima Shwartz

is

~~are~~ not in the military service; and as to any other persons who may have an interest in the land described

in this case I am unable to determine whether or not they are in the military service of the United States within the meaning of said Act, as now effective.

April 24, 2006

_____
John A. Doonan Esq.
Attorney for Plaintiff

Subscribed and sworn before me,

KERRY A. PASS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 26, 2008

_____
Notary Public

Notes: This affidavit is to be used in all tax lien, miscellaneous and supplemental cases where publication has been ordered by the Court.

It must be filled in to cover the military status, as of the date it is filed, of all known defendants.

* In the body of the affidavit it should be stated that none of the defendants served by registered mail (or deputy sheriff) are in the military service, if such be the fact.

The last printed allegation should not be stricken from the affidavit under any circumstances because it covers interests not of record.

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

### DEPARTMENT OF THE TRIAL COURT

Case No.  320064

Deutsche Bank National Trust Company, as Trustee

VS

Sima Shwartz

## MOTION TO TAKE THE COMPLAINT FOR CONFESSED

And now comes the Plaintiff in the above-entitled case and respectfully moves that this complaint be taken for confessed.

_____

John A. Doonan, Esq.
Attorney for Plaintiff

---

## LAND COURT USE ONLY

_____

Allowed (Scheier, C.J.)

_____

Recorder

---

## INTERLOCUTORY ORDER TAKING COMPLAINT FOR CONFESSED

This cause came on to be heard at this sitting and upon consideration thereof, the defendants having failed to appear, it is ORDERED AND ADJUDGED that the complaint be taken for confessed.

By the Court (SCHEIER, C.J.)

Entered:                                                                                         Recorder

p:\Massachusetts Foreclosures\Generated_Forms\Motion for Confessed_Foreclosure_Shwartz_2320.15