B 104
(Rev. 8/87)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Sima Schwartz | HomEq Servicing; and Deutsche Bank National Trust |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| David G. Baker, Esq<br>105 Union Wharf<br>Boston, MA    02109<br>617-340-3680 | |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 USC §105, 506(d); chapter 93A, declaration; violation of automatic stay.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. '727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. '523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT – Declaration, void lien | JURY DEMAND: No |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR:  Sima Schwartz | BANKRUPTCY CASE NO.  06-42476 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING:  Massachusetts | DIVISIONAL OFFICE:  Western | NAME OF JUDGE:  Rosenthal |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   (Check one box only.)   ☐ FEE ATTACHED   ☒ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>July 7, 2007 | PRINT NAME<br>David G. Baker | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ David G. Baker |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>                    Sima Schwartz,<br><br>                                             Debtor | Chapter 7<br><br>Case No. 06-42476-JBR |
| Sima Schwartz,<br><br>                                   Plaintiff,<br><br>                    v.<br><br>Deutsche Bank National Trust; and<br>HomEq Servicing Corp.,<br>                                   Defendants | ADVERSARY PROCEEDING |

**COMPLAINT**

NOW COMES SIMA SCHWARTZ, debtor and plaintiff in the above captioned matters, and complains of the defendants as follows:

Introduction

1.     By this complaint, Schwartz seeks relief related to enforcing the orders of this court denying a motion for relief from the automatic stay and granting her a discharge under Chapter 7 of the bankruptcy code, and related relief.

2.     In In re Schwartz, -- BR --, 2007 WL 1188348 (Bkrtcy.D.Mass. 2007), this court observed:  "As many homeowners know or come to learn, it is not uncommon for notes and mortgages to be assigned, often more than once.  When the role of a servicing agent acting on behalf of a mortgagee is thrown into the mix, it is no wonder that it is often difficult for unsophisticated borrowers to be certain of the identity of their lenders and mortgagees.  On more than one occasion this Court has heard debtors complain that they did not know to whom or where they were supposed to send their mortgage payments.  In fact the Court has observed instances in which attorneys representing alleged mortgagees or their servicing agents did not know whether the client was a mortgagee or a serving agent, or how their client came to acquire its role."

3.     The court was considering a motion for relief from the automatic stay filed by the

defendants in this case against the plaintiff.

4. The court denied the motion as the defendants had failed to prove that they were the proper parties to be before the court.

5. Schwartz is a homeowner who was misled, deceived and treated unfairly by the defendants in their relentless pursuit of foreclosure of a mortgage encumbering title to her home.

Jurisdictional allegations

6. Schwartz filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on November 13, 2006, acting *pro se.*

7. Venue of the bankruptcy case is appropriate in this court pursuant to 28 U.S.C. § 1408, and venue of this proceeding is proper pursuant to 28 U.S.C. § 1409 because the plaintiff/debtor lives in Massachusetts and the real property at issue is located in Massachusetts.

8. The Court has both inherent jurisdiction to enforce its own orders and statutory authority pursuant to 11 USC §105 and 28 USC §1334, as this proceeding seeks to enforce orders of this Court and therefore arises under title 11.

9. Accordingly, this is a core proceeding within the meaning of 28 USC §157.

Factual allegations

10. Schwartz is the owner in fee simple of the real property located 23 Sigel Street, Worcester, Massachusetts (the "Property").

11. On July 22, 2005, Schwartz signed a promissory note in the amount of $272,000 in favor of First NLC Financial Services, LLC ("First NLC").

12. The note was secured by a mortgage on the Property.  The mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as the nominee for First NLC and its successors and assigns.

13. By letter captioned "Validation of Debt" and dated November 7, 2005, HomEq informed the Debtor that it was the servicing agent for Ocwen Federal Bank FSB ("Ocwen"), which the letter identified as the creditor with respect to the mortgage.

14. By letter dated January 17, 2006, HomEq, which stated in the letter that it was the servicing agent for Deutsche, sent the Debtor a default letter. As will be shown later, HomEq was not actually authorized to send the letter by the actual holder of the mortgage because Deutsche Bank was not the actual holder.

15. In March, 2006, Deutsche, representing that it was the assignee of the mortgage, filed a complaint to foreclose mortgage (commonly known as a "Soldiers and Sailors proceeding) which the land court subsequently allowed.

16. A letters, captioned "Notice of Intent to Foreclose and Intent to Pursue Deficiency After Foreclosure of Mortgage" dated May 5, 2006, was sent to the Debtor.

17. The letter was signed by attorney John R. Doonan of the firm Doonan, Graves, & Longoria L.L.C. The letter stated that Deutsche intended to foreclose, but did not identify Deutsche as the mortgagee or holder of the mortgage.

18. Similar letters were sent at the same time to MERS and to First NLC Financial, the original mortgagee. The letters stated that Deutsche Bank intended to foreclose by sale, but did not identify Deutsche as the mortgagee or holder and did not state an intention to pursue a deficiency.

19. On May 23, 2006, the land court entered its judgment permitting Deutsche to conduct the foreclosure.

20. A foreclosure sale was held on May 24, 2006, at which Deutsche purchased the property.

21. As reflected in the Certificate of Entry to Foreclose dated May 24, 2006, the witnesses certified that Attorney Longoria, "duly authorized agent of Deutsche Bank National Trust Company, as Trustee pursuant to authority contained in a Power of Attorney recorded herewith", made entry upon the premises.

22. The referenced Power of Attorney was not produced to the Court in connection with the motions for relief from the automatic stay.

23. On September 7, 2006, more than sixty days after the auction, a foreclosure deed in favor of Deutsche was executed. The deed and related documents, however, were not recorded until October 13, 2006, approximately five months after the foreclosure.

24. The foreclosure deed appears to be signed by John A. Dunnery and Jeff Szymendera, both identified as vice presidents of HomEq.

25. The foreclosure deed has a handwritten notation referencing a "power of attorney

recorded in book 33822 page 354." In connection with the motion for relief from stay, the Court was not given a recorded copy of the foreclosure deed or the recorded power of attorney. The Court, however, was provided with an unrecorded copy of a "Uniform Durable Power of Attorney" that is dated September 18, 2006.

26.    The power of attorney purports to be from Deutsche, which the document identifies as the current mortgagee, and appoints "Reneau J. Longoria", among others, as its attorney "to do all acts authorized or required by the power of sale contained in said mortgage, for the purpose of foreclosing said mortgage upon breach of conditions thereof, and further to make open, peaceable and unopposed entry on the premises described in said mortgage, for the purpose of foreclosing said mortgage for the breach of conditions thereof."

27.    The power of attorney is signed by Jeff Szymendera as Deutsche's attorney in fact. As other documents establish, Mr. Szymendera is a vice president of HomEq.

28.    The power of attorney signed in September, 2006, states that it "shall be construed as a Uniform Durable Power of Attorney pursuant to M.G.L. Chapter 201B" despite the fact that such powers of attorney are usually seen only in circumstances where the parties are concerned about the future incapacity of the principal to conduct his affairs.

29.    Although the Uniform Durable Power of Attorney lacks the statutorily-mandated expression of an intent to continue the principal and attorney-in-fact relationship in the event of the principal's incapacity, § 1(a) is very explicit that a durable power of attorney must be in writing.

30.    As a result, Deutsche had not yet authorized the attorneys to act on its behalf when the foreclosure sale was conducted.

31.    There are two documents captioned "Assignment of Mortgage" among the papers provided to the Court in connection with the motions.

32.    The earlier of the two is an assignment dated May 23, 2006, pursuant to which MERS as nominee for First NLC assigned its or First NLC's interest in the mortgage to Deutsche. The document is "signed" by a vice president of MERS.

33.    There is a second assignment of mortgage that was dated June 14, 2006, and signed by John A. Dunnery whom the assignment identifies as a vice president of MERS.

34.    That a second assignment was signed warrants an inference that MERS knew or believed

4

that the first assignment was invalid.

35. In its "Memorandum in Response to Court Order dated February 8, 2007 [docket #61], Deutsche states that the assignment was *recorded* on June 14, 2006.

36. The copy of the assignment Deutsche attached to that Memorandum is not a recorded copy and reflects that the assignment was *executed* on June 14, 2006.

37. Moreover the jurat signed by the notary public states that John A Dunnery, on behalf of MERS, personally appeared before the notary and executed the assignment on June 14, 2006.

38. The assignment was not signed until after the foreclosure sale. Thus at the time of the foreclosure conducted by Deutsche, Deutsche was not a mortgagee authorized by law or the contract to foreclose.

39. Schwartz filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on November 13, 2006, acting *pro se*.

40. On December 10, 2006 HomEq filed its first Motion for Relief [docket #10] to which the Debtor objected.

41. The Court denied HomEq's first motion for relief and cautioned that it was not persuaded that the moving party was the proper party to bring the motion.

42. On January 8, 2007, HomEq filed its second motion for relief.

43. At the hearing on the second motion for relief, the Court raised the same concerns, and provided each party with an opportunity to submit memoranda of law in support of their positions.

44. After hearing from the parties and receiving memoranda, the Court denied the motion for relief from stay, finding that HomEq had failed to carry its burden of showing that the foreclosure sale was properly conducted according to state law.

45. None of the defendants appealed that decision, and it is final and no longer appealable. The defendants are bound by the factual and legal findings in that decision.

## COUNT I – WRONGFUL FORECLOSURE

46. Neither HomEq nor Deutsche Bank had any right, title or interest in the mortgage which it purported to foreclose.

5

47. The foreclosure auction was conducted fraudulently, in bad faith and to Schwartz' detriment.

48. Schwartz was damaged thereby.

## **COUNT II – FRAUD, DECEIT AND MISREPRESENTATION**

49. On the dates and at the times set forth in the foregoing paragraphs, the defendants, acting jointly and severally, engaged in acts of fraud, deceit and misrepresentation in various ways, primarily by claiming to be the holder of the mortgage when fact they were not.

50. They knew or should have known that in fact none of them were the holder.

51. The foreclosure auction was conducted fraudulently, in bad faith and to Schwartz' detriment.

52. Schwartz was damaged thereby.

## **COUNT III – VOID LIEN**

53. By filing two motions for relief from the automatic stay, the defendants submitted themselves to the jurisdiction of the court.

54. The motions constituted informal Proofs of Claim.

55. In denying the motions, the Court disallowed the claims.

56. Pursuant to 11 USC §506(d), a lien (such as a mortgage) which "secures a claim against the debtor that is not an allowed secured claim" is void except in certain circumstances not appearing in this case.

57. The mortgage lien asserted by the defendants is void.

## **COUNT IV – CHAPTER 93A**

58. The facts and circumstances alleged herein demonstrate that the defendants, jointly and severally, acted unfairly and deceptively in foreclosing.

59. Schwartz was damaged thereby.

## COUNT V – UNFAIR SERVICING PRACTICES

60.    Neither HomEq nor Deutsche Bank had any right, title or interest in the mortgage which it purported to foreclose.

61.    Pursuant to 209 CMR 18.21, it is an unfair or unconscionable means of servicing a loan for a third-party servicer to knowingly or recklessly facilitate the illegal foreclosure of real property collateral.

62.    The defendants knowingly or recklessly facilitated the illegal foreclosure of Schwartz' home.

63.    Schwartz was damaged thereby.


## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.    Neither HomEq nor Deutsche Bank had any right, title or interest in the mortgage which it purported to foreclose.

65.    The defendants knew or should have known that their wrongful actions would cause Schwartz to suffer emotional distress of a nature that is intolerable in a civilized society.

66.    Schwartz was damaged thereby.


## COUNT VII – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

67.    The defendants' acts constituted the collection of a debt owed to a third party.

68.    The defendants' acts violated Mass.Gen.Laws Ch. 93 §24A and the implementing regulations found at Title 209 CMR 18.01 *et seq*., (and to the extent state law is pre-empted, by applicable federal law) in that the natural consequence of the acts was to harass and abuse Schwartz; that their representations as to the character, amount and/or legal status of the debt was false or misleading; and that they had the legal right to take the actions they took when in fact they did not.

69.    Schwartz was damaged thereby.

WHEREFORE Schwartz requests judgment against the defendants finding and declaring that the mortgage lien is void and that Schwartz has been damaged by the defendants' actions, and awarding her actual and punitive damages appropriate in the circumstances pursuant to 11 USC §105 and such other statutes, regulations or the common law as may apply to the proof, including and treble damages and attorney fees as permitted by statute.

July 7, 2007

Respectfully submitted,
Sima Schwartz, Plaintiff
By her attorney,


/s/ *David G. Baker*
David G. Baker, Esq.
105 Union Wharf
Boston, MA  02109
BBO # 634889
617-367-4260

<u>VERIFICATION</u>

I, Sima Schwartz, hereby declare under pains and penalties of perjury that I have read the foregoing complaint and that all of the facts and circumstances stated therein are true and correct to the best of my knowledge, information and belief.


Sima Schwartz

8