UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
IN RE:                                          *
                                                *   Chapter 7
    SIMA SCHWARTZ a/k/a                         *   Case No. 06-42476-JBR
    SIMA M. SCHWARTZ                            *
                                                *
        Debtor.                                 *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
SIMA SCHWARTZ,                                  *
    Plaintiff,                                  *
                                                *   Adv. Proc. No. 07-04098
v.                                              *
                                                *
DEUTSCHE BANK NATIONAL TRUST and                *
HOMEQ SERVICING CORP.,                          *
    Defendants.                                 *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANTS' ANSWER TO COMPLAINT

Now comes the defendants, Deutsche Bank National Trust (Deutsche Bank) and HomEq Servicing Corp. (HomEq) (collectively, the Defendants), and respond to the allegations in the Complaint of the plaintiff, Sima Schwartz (Plaintiff), as follows:

### INTRODUCTION

1. The Defendants state that the "complaint" referenced in Paragraph 1 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 1 of the Complaint call for a legal conclusion, and as such no response is required.

2. The Defendants state that the case referenced in Paragraph 2 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 2 of the Complaint call for a legal conclusion, and as such no response is required.

{00124869.DOC}

3. The Defendants state that the "motion for relief" referenced in Paragraph 3 of the Complaint is a document that speaks for itself and, therefore, no response is required.

4. The Defendants state that the court order referenced in Paragraph 4 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 4 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants deny the allegations in Paragraph 4 of the Complaint.

5. The Defendants deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTIONAL ALLEGATIONS

6. The Defendants state that the "voluntary petition" referenced in Paragraph 6 of the Complaint is a document that speaks for itself and, therefore, no response is required.

7. The Defendants state that the allegations in Paragraph 7 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants state that they are without information sufficient to form a belief as to the truth of the matters alleged in Paragraph 7 of the Complaint and call on the Plaintiff to prove the same.

8. The Defendants also state that the allegations in Paragraph 8 of the Complaint call for a legal conclusion, and as such no response is required.

9. The Defendants also state that the allegations in Paragraph 9 of the Complaint call for a legal conclusion, and as such no response is required.

## FACTUAL ALLEGATIONS

10. The Defendants state that the allegations in Paragraph 10 of the Complaint call for a legal conclusion, and as such no response is required.

11. The Defendants state that the "promissory note" referenced in Paragraph 11 of the Complaint is a document that speaks for itself and, therefore, no response is required. To the extent that a response is necessary, the Defendants admit the allegations in Paragraph 11 of the Complaint.

{00124869.DOC}

12. The Defendants state that the "mortgage" referenced in Paragraph 12 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 12 of the Complaint call for a legal conclusion, and as such no response is required.

13. The Defendants state that the "letter captioned 'Validation of Debt'" referenced in Paragraph 13 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 13 of the Complaint call for a legal conclusion, and as such no response is required.

14. The Defendants state that the "letter dated January 17, 2006" referenced in Paragraph 14 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 14 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants admit that HomEq is the servicing agent for Deutsche Bank. The Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. The Defendants state that the "complaint to foreclose mortgage" referenced in Paragraph 15 of the Complaint is a document that speaks for itself and, therefore, no response is required.

16. The Defendants state that the "letters… [sic] dated May 5, 2006" referenced in Paragraph 16 of the Complaint is a document that speaks for itself and, therefore, no response is required.

17. The Defendants state that the "letter" referenced in Paragraph 17 of the Complaint is a document that speaks for itself and, therefore, no response is required.

18. The Defendants state that the "similar letters" referenced in Paragraph 18 of the Complaint are documents that speak for themselves and, therefore, no response is required.

19. The Defendants state that the "land court[']s]… judgment" referenced in Paragraph 19 of the Complaint is a document that speaks for itself and, therefore, no response is required.

20. The Defendants admit the allegations in Paragraph 20 of the Complaint.

{00124869.DOC}

21. The Defendants state that the "Certificate of Entry to Foreclose" referenced in Paragraph 21 of the Complaint is a document that speaks for itself and, therefore, no response is required.

22. The Defendants state that they are without information sufficient to form a belief as to the truth of the matters alleged in Paragraph 22 of the Complaint and call on the Plaintiff to prove the same.

23. The Defendants state that the "foreclosure deed" referenced in Paragraph 23 of the Complaint is a document that speaks for itself and, therefore, no response is required. To the extent that a response is necessary, the Defendants admit that the foreclosure deed was recorded on October 13, 2006.

24. The Defendants state that the "foreclosure deed" referenced in Paragraph 24 of the Complaint is a document that speaks for itself and, therefore, no response is required.

25. The Defendants state that the documents referenced in Paragraph 25 of the Complaint are documents that speak for themselves and, therefore, no response is required. To the extent that a response is necessary, the Defendants state that a copy of the recorded power of attorney was not attached to its second motion for relief from stay. However, the Defendants state that a copy of the recorded foreclosure deed and a copy of the "Uniform Durable Power of Attorney" was filed and of record in the underlying bankruptcy.

26. The Defendants state that the "power of attorney" referenced in Paragraph 26 of the Complaint is a document that speaks for itself and, therefore, no response is required.

27. The Defendants state that the "power of attorney" referenced in Paragraph 27 of the Complaint is a document that speaks for itself and, therefore, no response is required.

28. The Defendants state that the "power of attorney" referenced in Paragraph 28 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 28 of the Complaint call for a legal conclusion, and as such no response is required.

29. The Defendants state that the "power of attorney" referenced in Paragraph 29 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 29 of the Complaint call for a legal conclusion, and as such no response is required.

30. The Defendants deny the allegations in Paragraph 30 of the Complaint.

31. The Defendants admit the allegations in Paragraph 31 of the Complaint.

32. The Defendants state that the "assignment of mortgage" referenced in Paragraph 32 of the Complaint is a document that speaks for itself and, therefore, no response is required.

33. The Defendants state that the "assignment of mortgage" referenced in Paragraph 33 of the Complaint is a document that speaks for itself and, therefore, no response is required.

34. The Defendants also state that the allegations in Paragraph 34 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants deny the allegations in Paragraph 34 of the Complaint.

35. The Defendants state that the "Memorandum" referenced in Paragraph 35 of the Complaint is a document that speaks for itself and, therefore, no response is required.

36. The Defendants state that the "assignment" referenced in Paragraph 36 of the Complaint is a document that speaks for itself and, therefore, no response is required.

37. The Defendants state that the "assignment" referenced in Paragraph 37 of the Complaint is a document that speaks for itself and, therefore, no response is required.

38. The Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The Defendants state that the "voluntary petition" referenced in Paragraph 39 of the Complaint is a document that speaks for itself and, therefore, no response is required.

40. The Defendants deny that the "Motion for Relief" referenced in Paragraph 40 of the Complaint was filed on December 10, 2006. The Defendants admit that a motion for relief was filed on December 7, 2006 and was objected to.

41. The Defendants state that the Court order referenced in Paragraph 41 of the Complaint is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 41 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants deny the allegations in Paragraph 41 of the Complaint.

42. The Defendants state that the "motion for relief" referenced in Paragraph 42 of the Complaint is a document that speaks for itself and, therefore, no response is required. To the extent that a response is necessary, the Defendants admit that a motion for relief was filed on January 8, 2007 on behalf of Deutsche Bank.

43. The Defendants state that the allegations in Paragraph 43 of the Complaint reference a Court order dated February 9, 2007, which is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 43 of the Complaint call for a legal conclusion, and as such no response is required. To the extent a response is necessary, the Defendants admit that the Court provided Deutsche Bank with an opportunity to submit a memorandum of law on the issues raised in the February 9, 2007 order. The Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44. The Defendants state that the allegations in Paragraph 44 of the Complaint reference a Court order dated April 19, 2007, which is a document that speaks for itself and, therefore, no response is required. The Defendants also state that the allegations in Paragraph 44 of the Complaint call for a legal conclusion, and as such no response is required.

45. The Defendants state that the allegations in Paragraph 45 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is necessary, the Defendants admit that HomEq did not appeal the Court's order dated April 19, 2007. However, the Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

## COUNT I - WRONGFUL FORECLOSURE

46. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 45 as if fully set forth herein. In response to the allegations in

Paragraph 46 of the Complaint, the Defendants deny the allegations in Paragraph 46 of the Complaint.

47. The Defendants deny the allegations in Paragraph 47 of the Complaint.

48. The Defendants deny the allegations in Paragraph 48 of the Complaint.

## COUNT II – FRAUD, DECEIT AND MISREPRESENTATION

49. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 49 as if fully set forth herein. In response to the allegations in Paragraph 49 of the Complaint, the Defendants deny the allegations in Paragraph 49 of the Complaint.

50. The Defendants deny the allegations in Paragraph 50 of the Complaint.

51. The Defendants deny the allegations in Paragraph 51 of the Complaint.

52. The Defendants deny the allegations in Paragraph 52 of the Complaint

## COUNT III – VOID LIEN

53. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 52 as if fully set forth herein. In response to the allegations in Paragraph 53 of the Complaint, the Defendants state that the allegations in Paragraph 53 of the Complaint call for a legal conclusion, and as such no response is required.

54. The Defendants state that the allegations in Paragraph 54 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 54 of the Complaint.

55. The Defendants state that the allegations in Paragraph 55 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 55 of the Complaint.

56. The Defendants state that the allegations in Paragraph 56 of the Complaint call for a legal conclusion, and as such no response is required. To the extent that a response is required, the Defendants deny the allegations in Paragraph 56 of the Complaint.

57. The Defendants deny the allegations in Paragraph 57 of the Complaint.

## COUNT IV – CHAPTER 93A

58. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 57 as if fully set forth herein. In response to the allegations in Paragraph 58 of the Complaint, the Defendants deny the allegations in Paragraph 58 of the Complaint.

59. The Defendants deny the allegations in Paragraph 59 of the Complaint.

## COUNT V – UNFAIR SERVICING PRACTICES

60. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 60 as if fully set forth herein. In response to the allegations in Paragraph 60 of the Complaint, the Defendants deny the allegations in Paragraph 60 of the Complaint.

61. The Defendants state that the allegations in Paragraph 61 of the Complaint call for a legal conclusion, and as such no response is required.

62. The Defendants deny the allegations in Paragraph 62 of the Complaint.

63. The Defendants deny the allegations in Paragraph 63 of the Complaint

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 64 as if fully set forth herein. In response to the allegations in Paragraph 64 of the Complaint, the Defendants deny the allegations in Paragraph 64 of the Complaint.

65. The Defendants deny the allegations in Paragraph 65 of the Complaint.

66. The Defendants deny the allegations in Paragraph 66 of the Complaint

## COUNT VII – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

67. The Defendants re-alleges and incorporate-by-reference its responses in Paragraphs 1 through 67 as if fully set forth herein. In response to the allegations in

Paragraph 67 of the Complaint, the Defendants state that the allegations in Paragraph 67 of the Complaint call for a legal conclusion, and as such no response is required.

68. The Defendants deny the allegations in Paragraph 68 of the Complaint.

69. The Defendants deny the allegations in Paragraph 69 of the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**Second Affirmative Defense:** The Plaintiff's damages, if any, were caused solely by her own actions or inactions or by someone for whom the Defendants have no responsibility and, therefore, the Plaintiff cannot recover from the Defendants.

**Third Affirmative Defense:** To the extent that there has been no attempt to mitigate, minimize, or avoid any damage alleged in Plaintiff's claims, any recovery against the Defendants must be reduced or eliminated.

**Fourth Affirmative Defense:** The Plaintiff, by her conduct or actions and/or the conduct or actions of her agents or servants, has waived any and all rights that it may have against the Defendants.

**Fifth Affirmative Defense:** The Complaint does not describe the subject claims with sufficient particularity to enable the Defendants to determine all the grounds for its defenses. The Defendants, therefore, reserve their rights to assert any additional grounds for their defenses that may become available once the precise nature of the Plaintiff's claims are ascertained.

**Sixth Affirmative Defense:** The Plaintiff's claims for intentional infliction of emotional distress are barred because the Defendants' actions were permitted by law.

**Seventh Affirmative Defense:** The Plaintiff's claims are barred by the doctrine of unclean hands.

**Eighth Affirmative Defense:** The Plaintiff's claims are barred by her own bad faith.

**Ninth Affirmative Defense:** The Plaintiff cannot recover because the Defendants would be prejudiced or suffer an injustice.

**Tenth Affirmative Defense:** The Plaintiff is not entitled to any recovery under Mass. Gen. Law c. 93A because the transactions and actions set out in the Complaint are permitted under the law of Massachusetts.

**Eleventh Affirmative Defense:** The Plaintiff has failed to comply with the conditions precedent to bringing this action as required by Mass. Gen. Law c. 93A.

**Twelfth Affirmative Defense:** The Plaintiff's Complaint fails to state a claim against the Defendants upon which relief can be granted under Mass. Gen. Law c. 93A.

**Thirteenth Affirmative Defense:** The foreclosure which the Plaintiff complains was a validly conducted foreclosure and therefore the Plaintiff cannot recover.

**Fourteenth Affirmative Defense:** The Plaintiff breached her contract and therefore cannot recover.

**WHEREFORE**, the Defendants, Deutsche Bank National Trust and HomEq Servicing Corp., respectfully requests that the Complaint be dismissed and that the Defendants be awarded its attorneys' fees and costs in defending this action.

Respectfully submitted,

**Deutsche Bank National Trust Company, and HomEq Servicing Corp.,**

By its attorneys,

/s/ *Christopher Matheson*
Paul Michienzie, Esq. – BBO #548701
Christopher Matheson, Esq. – BBO #640594
MICHIENZIE & SAWIN LLC
745 Boylston Street
Boston, MA 02116
T: (617) 227-5660

Dated: August 8, 2007

{00124869.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN RE: | |
| SIMA SCHWARTZ a/k/a <br> SIMA M. SCHWARTZ | Chapter 7 <br> Case No. 06-42476-JBR |
| Debtor. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SIMA SCHWARTZ, <br> Plaintiff, | |
| v. | Adv. Proc. No. 07-04098 |
| DEUTSCHE BANK NATIONAL TRUST and <br> HOMEQ SERVICING CORP., <br> Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I, Christopher Matheson, hereby certify that I have this 8th day of August 2007 served on behalf of Deutsche Bank National Trust and HomEq Servicing Corp., a secured creditor in the above-captioned proceeding, the following documents: a) *Defendants' Answer to Complaint*; and b) *Certificate of Service*; by causing copies hereof to be sent by first-class, U.S. mail, postage pre-paid, and electronic filing, to the following:

*Via first class mail*
Sima Schwartz
23 Sigel St., Apt. 2
Worcester, MA 01610

*Via electronic filing*
David G. Baker, Esq.
105 Union Wharf
Boston, MA 02109

{00124869.DOC}

Respectfully submitted,

**Deutsche Bank National Trust Company,
and HomEq Servicing Corp.,**

By its attorneys,

_/s/ Christopher Matheson_
Paul Michienzie, Esq. – BBO# 548701
Christopher Matheson, Esq. – BBO# 640594
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116
T: (617) 227-5660

{00124869.DOC}